UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| ADOLFO MALDONADO, | No. CV 07-08305-VBK |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | (Social Security Case) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified Administrative Record ("AR").

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court

concludes that the decision of the Commissioner must be affirmed.

Plaintiff raises the following issues:

1. Whether the Administrative Law Judge ("ALJ") fairly and accurately summarized all of the material medical evidence;
2. Whether the ALJ's finding of a non-severe mental impairment was supported by substantial evidence;
3. Whether the ALJ fully summarized and weighed Plaintiff's testimony and made proper credibility findings.

**I**

**THE ALJ FAIRLY AND ACCURATELY ANALYZED THE MATERIAL MEDICAL EVIDENCE**

Plaintiff contends that the ALJ did not fairly and accurately summarize all of the material medical evidence. In particular, Plaintiff references the fact that on October 9, 2006, his attorney submitted new medical evidence to the ALJ which consisted of records from St. Joseph Heritage Medical Group for the period January 2005 through January 2006 (AR 529-538, 695-699), and in-patient records from Rancho Los Amigos National Rehabilitation Center pertaining to a July 2006 admission (AR 700-726). (JS 3.)

The above-referenced records were incorporated into the record (see Exhibits ["Exs."] 32-F and 33-F, at AR 691-699, 700-735.) The Appeals Council determined that these records did not provide any basis for a change in the ALJ's decision. (AR 7.)

It is the obligation of the ALJ to consider all material evidence, but conversely, it is not required that every item of evidence be discussed in the ALJ's decision. See Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003.) Here, Plaintiff's contention is that the evidence submitted after the hearing was

2

material and probative on the issue of disability.

With regard to the evidence concerning treatment records from St. Joseph Heritage Medical Group, from January 2005 through January 2006, Plaintiff notes that these treatment records concern "that Plaintiff's hands had osteoarthritic (OA) changes and there was wasting of the legs and calves." (JS at 5.)  Plaintiff also notes that Dr. Madrid, the treating physician at St. Joseph Heritage Medical Group, diagnosed diabetes mellitus with peripheral neuropathy.  Further, a December 2005 observation of Plaintiff's phalangel joints indicated an enlargement, which Plaintiff states is consistent with a diagnosis of rheumatoid arthritis. (Id.)

The ALJ's lengthy decision indicates that substantial consideration was given to numerous medical opinions concerning the very conditions referenced in the St. Joseph Heritage Medical Group's records.  The detailed discussion in the decision need not be repeated, other than to note the ALJ's summary of these reports:

> "They essentially report that the claimant has only some restricted forward flexion of the lumbar spine with tenderness upon palpation.  X-rays of the lumbar spine are basically normal, showing no fractures, dislocation, etc. MRIs of the lumbar show only some degenerative changes with mild bulge at L4-L5.  His most recent Nerve Conduction Studies show only mild to moderate peripheral neuropathy. However, this finding is equivocal, because it has been noted by Dr. Glatstein that the studies are not complete due to the claimant being somewhat sensitive to the testing."

(AR 23-24.)

1    Plaintiff's brief fails to highlight for the Court in what manner
2 the treatment records of Dr. Madrid materially contradicted the other
3 records concerning the same conditions which were considered by both
4 the ALJ and the Appeals Council.  Moreover, the additional records do
5 not contain any functional limitations which are materially
6 inconsistent with those provided by other medical sources. (<u>See</u>
7 decision at AR 21-24.)

8    With regard to the Rancho Los Amigos records of July 2006, this
9 would appear to reflect a new situation in which Plaintiff sustained
10 an extremity infection in his left first toe area, which required
11 resection. (AR 703.)  As Plaintiff notes, upon discharge, it was
12 indicated that he would be right weightbearing as tolerated, and left
13 lower extremity heel weightbearing; however, the evaluation indicated
14 that he would have four months of total disability after discharge.
15 (AR 704.)  Plaintiff argues that this indicates that he would be
16 limited to sedentary rather than light exertion. (JS 5.)  Plaintiff
17 further indicates that he was using a cane or walker to ambulate when
18 he developed the foot ulcer and had surgery.  This fact, however, was
19 noted in the medical records which were considered by the ALJ.

20    It is Plaintiff's burden to demonstrate that the toe infection
21 and subsequent surgical resection of July 2006 created an inability to
22 engage in substantial gainful activity for a period of 12 continuous
23 months.  <u>See</u> <u>Barnhart v. Walton</u>, 535 U.S. 212, 122 S.Ct. 1265, 1268-
24 1271 (2002).  The medical records cited by Plaintiff do not support
25 this conclusion, nor is there any basis to infer that the surgical
26 procedure resulted in a decrease in Plaintiff's residual functional
27 capacity ("RFC"), or a limitation to sedentary work, which appears to
28 be a conclusion only drawn by Plaintiff's counsel.

4

For the foregoing reasons, the Court determines that the additional medical evidence provided by Plaintiff's counsel was not material on the issue of disability, and did not, therefore, affect the ALJ's summary of and consideration of the material medical evidence in the record.

**II**

**THE ALJ DID NOT ERR IN FINDING A NON-SEVERE MENTAL IMPAIRMENT**

The ALJ determined that, "the medical evidence establishes that [Plaintiff] has the medically determinable impairment of a depressive disorder, NOS. However, this impairment is not severe and does not result in any mental limitations." (AR 20.) Plaintiff asserts that this is an erroneous conclusion, citing applicable precedent concerning the threshold inquiry at Step Two of the sequential evaluation analysis as a "de minimus screening device to dispose of groundless claims." (JS at 7, citations.)

In making the aforesaid determination, the ALJ considered the relevant evidence in the record regarding Plaintiff's mental status. Thus, he noted treatment by Dr. Nelson J. Flores, a psychologist, from February 2003 through January 2004. (JS 24, AR 385-421.) The ALJ also considered a consultative psychiatric evaluation of May 3, 2003 by Dr. Robert McDaniel. (AR 24-25, 654-690.) The ALJ cited the State Agency psychiatrists' opinion that Plaintiff does not have a severe mental impairment. (AR 25, 206-208.) Finally, the ALJ relied upon the consultative psychiatric evaluation ("CE") of psychiatrist Dr. Yang of December 17, 2004. (AR 25, 194-198.)

The ALJ's discussion of Dr. McDaniel's opinion is questioned by Plaintiff, based upon his counsel's interpretation that Dr. McDaniel

was a "defense physician" in a workers compensation case. The Court fails to see how this conclusion impacts the consideration of Dr. McDaniel's report. (See Reddick v. Chater, 157 F.3d 715, 721 (9th Cir. 1998).) Dr. McDaniel's report provides substantial evidence in support of the ALJ's rejection of a Step Two finding of severe mental impairment. Plaintiff does not apparently dispute that this would be a fair reading of Dr. McDaniel's report; rather, he attacks Dr. McDaniel based upon his role in Plaintiff's workers compensation case. Further, Plaintiff attacks Dr. Yang's CE report because Dr. Yang is not board-certified in psychiatry; however, Social Security regulations do not support any depreciation of the value of such a report, and Plaintiff does not cite any law to support this argument. Dr. Yang did perform an independent clinical examination and reported his findings which, as with Dr. Flores, support the ALJ's conclusion of a non-severe mental impairment.

Finally, the ALJ's essential rejection of the opinion of Dr. Jones, who wrote a very brief letter in March 2005, is not incorrect because, as the ALJ noted, there is very little in the way of objective evidence to support Dr. Jones' diagnoses. (AR 25, 502.) See Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002).

For the foregoing reasons, the Court concludes that the ALJ did not err in finding a non-severe mental impairment.

**III**

**THE ALJ DID NOT ERR IN DETERMINING PLAINTIFF'S CREDIBILITY**

Plaintiff contends that the ALJ failed to accurately determine his credibility, and points out that the ALJ erred in noting that Plaintiff had never been hospitalized for any reason. (JS at 18-19, AR

25.) Plaintiff further notes the ALJ's citation to a statement that he allegedly made to Dr. Yang that he was doing well and had not seen any mental health professionals or been on any psychiatric medication for a year. (JS at 19, AR 26, 194.) Plaintiff asserts that a review of the record would have shown that Plaintiff was still treating with Dr. Flores in 2004 and was using mood medications. (Id.)

The legal standards pertaining to credibility are well known and need not be extensively cited. Simply put, the ALJ must give specific, clear and convincing reasons to reject allegations of subjectively disabling symptoms. See Thomas v. Barnhart, 278 F.3d 947, 959-960 (9th Cir. 2002).

Here, the ALJ used ordinary techniques of credibility evaluation, including inconsistencies in Plaintiff's testimony, his daily activities, and information regarding the nature, severity and effect of symptoms about which he complains. (See Thomas, 278 F.3d at 958-959; 20 C.F.R. §§404.1529, 416.929(c).) In the decision, the ALJ noted that Plaintiff had not been "forthright about being terminated from his job with the City of Yorba Linda" (AR 26); that there were inconsistencies between Plaintiff's December 2004 report to Dr. Yang that he had been doing well and was not seeing mental health professionals or had been on psychotropic medications, and a later letter from Dr. Jones in March 2005 stating that Plaintiff had in fact been on antidepressants for over a year. (AR 26, 194, 502.) The ALJ also cited Plaintiff's activities of daily living, which included taking walks, shopping, attending an exercise club, running errands, driving a car, and doing some cooking. (AR 26, 196, 551.) Finally, the ALJ noted that Plaintiff's medical records, such as an MRI scan and x-rays of the lumbar spine, had been somewhat unremarkable. (AR

23, 25; 202-203, 271-272.)

While there were conflicts in the evidence regarding credibility, the ALJ performed his function of reasonably resolving such conflicts based on analysis of the evidence. Further, even though the ALJ erred with regard to the fact that Plaintiff had never been hospitalized, the July 2006 hospitalization resulted in only a temporary disability for four months, and the Court finds no reason to disturb the credibility finding on this basis.

For the foregoing reasons, the decision of the ALJ will be affirmed. The Complaint will be dismissed with prejudice.

**IT IS SO ORDERED.**

DATED: October 7, 2008              /s/
                                    VICTOR B. KENTON
                                    UNITED STATES MAGISTRATE JUDGE

8